## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA**,

          Plaintiff,

v.

**LEONARD RRAPAJ**,

          Defendant.

Case Number:    25-cr-40036-TC

### ORDER MODIFYING CONDITIONS OF RELEASE

On June 12, 2025, the Government moved for pretrial detention. ECF No. 13. On June 16, 2025, the Court conducted a detention hearing. ECF No. 17. At the conclusion of that hearing, the Court denied the Government's motion for pretrial detention and entered an Order Setting Conditions of Release. ECF Nos. 17-18.

On June 23, 2025, Defendant Leonard Rrapaj filed a Motion to Modify Conditions of Release. ECF No. 24. Defendant's Motion seeks to modify or delete paragraph 7(g) in the Order Setting Conditions of Release, ECF No. 18. On June 27, 2025, the Government filed its Response to the Motion. ECF No. 28.

The Court conducted a hearing on the Motion on June 30, 2025. 18 U.S.C. § 3142(c)(3) states that the Court "may at any time amend the order to impose additional or different conditions of release." As detailed on the record, the Court grants in part and denies in part Defendant's

Motion.[1]  The Motion is granted insofar as the Court modifies paragraph 7(g) in the Order Setting

Conditions of Release, ECF No. 18, to read as follows:

> (g)(i)  Defendant shall not knowingly associate with anyone who has been convicted of a felony (that has not been expunged or decayed under Kansas law) except for customers or employees of the Topeka Sports Cabaret or Leona's Crescent Limousine Service (collectively, the "businesses"), or in the preparation of his defense.  Defendant shall provide Pretrial Services and the Government with a list of all employees of the businesses and the list must be timely supplemented as new employees are hired.  If the Government has any concerns about any of the employees, the Government shall discuss these concerns with defense counsel to see if the parties can reach agreement with regard to these concerns.  If the parties are unable to agree, they can raise concerns with the Court.
>
> Defendant shall not hire anyone who has been convicted of a person felon (or out-of-state equivalent) in the last 10 years or a non-person felony (or out-of-state equivalent) in the last 5 years.  Defendant has an obligation to attempt to determine if any new hires have these felony convictions by asking job applicants.
>
> (g)(ii) Defendant shall have no direct or indirect contact with the following individuals identified in the search warrant application filed in Case No. 25-mj-0542-RES: CHS-1; CHS-2; CHS-3; CS-1; CW-1; and Danny Stano Jr.  The Government shall provide Pretrial Services with the identities of these individuals.

All other conditions remain in effect.  To the extent the Motion sought any additional relief, the

Motion is denied.

---

[1]     18 U.S.C. § 3142(c)(1)(B) requires that Defendant's release be "subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]"  For the reasons explained on the record, the Court has narrowed this condition consistent with the Court's obligation to impose the least restrictive conditions.

**IT IS SO ORDERED.**

Dated June 30, 2025, at Topeka, Kansas.

/s/Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge