IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        *Plaintiff*,

v.

LEONARD RRAPAJ,

        *Defendant.*

Case No. 25-40036-TC-RES

## MOTION FOR REVIEW OF DETENTION ORDER

Pursuant to 18 U.S.C. 3145(b), Defendant Leonard Rrapaj moves the Court to review Magistrate Judge Rachel Schwartz's Order Modifying Conditions of Release entered August 25, 2025, and order that Defendant be released from detention.

### MEMORANDUM IN SUPPORT

#### Background

Defendant was charged in this case on June 12, 2025, and the government moved for an order detaining him pending trial. On June 16, 2025, Magistrate Judge Rachel Schwartz denied the government's request and released him subject to conditions. Doc. 18.

After a firearm was found in Defendant's bedroom during a search unrelated to his case, the government moved to revoke Defendant's pretrial release. The government asserted that the firearm's presence in Defendant's bedroom was clear and convincing evidence that Defendant had violated the condition that he not

1

possess a firearm (see Doc. 18, ¶7(k)) and also established probable cause to believe the Defendant violated 18 U.S.C. § 922(n). Magistrate Judge Schwartz agreed.

Magistrate Judge Schwartz then concluded:

> Finally, the Government met its burden to establish that Defendant is unlikely to abide by any condition or combination of conditions of release. Defendant has a lengthy list of conditions that were designed to prevent the very situation here, which is the risk that Defendant would obtain another firearm. He was on GPS monitoring and a curfew, but based upon the receipts found in his residence, it appears he may be using other people in his life to obtain at least ammunition on his behalf. Defendant is either unable or unwilling to stay away from firearms despite the robust combination of conditions that were designed to prevent this exact conduct. Even if the Court could conceive of additional conditions that could prevent him from obtaining another firearm, he is unlikely to abide by any such condition.

Doc. 40 at 5.

## Arguments and Authorities

"The standard of review for the district court's review of a magistrate judge's detention or release order under § 3145(a) is de novo." *United States v. Cisneros*, 328 F.3d 610, 616 n. 1 (10th Cir. 2003).

I. **The hearing evidence was insufficient to show clear and convincing evidence that the Defendant possessed the firearm; it was also insufficient to show probable cause that he received the firearm.**

Proof of possession requires evidence that Defendant had the power to exercise dominion and control over the firearm and the intent to do so. *United States v. Johnson*, 46 F.4th 1183, 1187 (10th Cir. 2022); *United States v. Benford*, 875 F.3d 1007, 1017 (10th Cir. 2017). Proof of receipt, which means more than simple possession, requires evidence of knowing acquisition and acceptance. *See United*

2

*States v. Griffin*, 705 F.2d 434, 437 (11th Cir. 1983) ("receive" means more than simple possession and means "to get, to take, to acquire, [or] be the recipient of").

Testimony at the hearing revealed that Defendant's bedroom is in the second-floor corner of the Topeka Sports Cabaret (TSC). The bedroom is connected to a gym and the TSC office, all on the second floor and all open to one another, behind a single door that Defendant's supervising officer and FBI Agent McCormick indicated was always unlocked when they were present. The search warrant was executed during business hours. Agent McCormick did not know who was present at the club at the time, or where they were. She did not know if anyone was in the office/bedroom/gym area when police arrived. She acknowledged that others in the club, including security personnel, could carry firearms. She speculated that if she was armed when police showed up to execute a search warrant that she would remain armed and not place her firearm somewhere nearby before encountering police.

There was no evidence showing who put the firearm in Defendant's bedroom (which was accessible by a number of people who work at the business and frequent the office next to the bedroom), how it came to be located in Defendant's bedroom, how long the firearm had been located in Defendant's bedroom, whether it was ever in Defendant's bedroom at the same time as Defendant, whether Defendant was aware it was in his bedroom, or whether Defendant had taken any action or intended to take any action with respect to the firearm.

### A. 18 USC 3148(b)(1)(A) – clear and convincing evidence that Mr. Rrapaj possessed a firearm in violation of conditions of release.

Knowledge, dominion, and control (possession) can be inferred when a defendant has exclusive control over the premises in which a firearm is found, but the government to show a nexus between the defendant and the firearm when a premises is jointly occupied. *United States v. Samora*, 954 F.3d 1286, 1290 (10th Cir. 2020). Multiple people were in the building when law enforcement conducted the search that unearthed the firearm. Since Defendant did not have exclusive control of the premises where the firearm was located, the government was obliged to prove a nexus between Defendant and the gun in order to demonstrate that he knowingly possessed or received it.

No law or condition of Defendant's probation prohibited Topeka Sports Cabaret employees or patrons from possessing firearms. At the same time, it would be entirely reasonable for someone lawfully (or unlawfully) in possession of a firearm at the time of an entry and search by law enforcement to put that firearm away in order to not be mistaken as a threat. Yet, Agent McCormick testified that she did not know or investigate where Defendant was when police entered the establishment or who was closest to the room where the firearm was located.

### B. 18 USC 3148(b)(1)(B) – clear and convincing evidence of the crime of receipt of a firearm while on pretrial release.

The government presented no evidence of receipt separate and apart from evidence of possession. Possession and receipt are not the same. Additional evidence was required to show receipt beyond evidence that may support mere possession.

There was zero evidence to show that Mr. Rrapaj took possession of the firearm from another. Evidence of mere possession should not be enough to support a finding of probable cause to find that he received the firearm.

Because the hearing evidence did not establish a sufficient nexus between Defendant and the firearm, it was error to conclude that he possessed it in violation of his conditions of release or received it in violation of 922(n).

## II.  It was error to conclude that a singular incident established Defendant would not comply with any conditions of release.

In revoking Defendant's pretrial release, Magistrate Schwartz collapsed the separate inquiries at 18 U.S.C. 3148(b)(1) and (b)(2)—finding that, because there was evidence Defendant violated the law and his conditions of supervised release, he was unlikely to abide by any conditions or combination of conditions. These are separate inquiries, and they must be addressed separately. *United States v. Wilks*, 15 F.4th 842, 848 (2021). In recommending Congress enact 18 U.S.C. 3142 and 3148, the Senate Committee on the Judiciary expressly rejected the Department of Justice's recommendation that revocation of release be mandatory when the defendant has committed a serious crime on release, reasoning that "there may be cases in which a defendant may be able to demonstrate that, although there is probable cause to believe that he has committed a serious crime while on release, the nature or circumstances of the crime are such that revocation of release is not appropriate." S.Rep. No. 98–225, at 35.

Evidence of singular conduct in contravention of pretrial release conditions does not mean that Defendant will not abide by any conditions or combination of conditions. Defendants are routinely permitted to remain on release despite multiple violations of pretrial release conditions, including violations of criminal laws. *See, e.g., United States v. Dawson*, No. 18-40085-HLT, 2020 WL 1812270, at *2 (D. Kan. Apr. 9, 2020) (noting that defendant was permitted to remain on release despite multiple violations of conditions, including a violation of criminal law); *United States v. Sholar*, 252 F. Supp. 3d 711, 713 (E.D. Wis. 2017) (noting that the defendant "did well on bond," despite multiple violations of conditions, including a violation of criminal law); *United States v. Zupnik*, No. CR. 16-50110-JLV, 2019 WL 2422605, at *3 (D.S.D. June 10, 2019) (permitting convicted defendant to remain on release pending appeal despite leaving the state without authorization and cutting ankle monitor). Particularly considering that there was no evidence Defendant caused a danger to the community while on release or that he presents a risk of nonappearance, Defendant should be given the opportunity for another chance.

Further, at the hearing, the prosecution cited Defendant's presence at TSC as being problematic to Defendant's ability to successfully fulfill the conditions imposed upon him. To address these concerns, Defendant offered that he can live elsewhere (alternative living arrangements were proposed to and vetted by Probation before Defendant's initial release) and restrictions can be placed on his presence at TSC. This proposal was raised that the hearing but not addressed by the court.

6

Respectfully submitted,

Joseph, Hollander & Craft LLC
*Attorneys for Defendant*

By:   /s/Christopher M. Joseph
Christopher M. Joseph, #19778
5200 Bob Billings Parkway, Suite 201
Lawrence, Kansas 66049
(785) 856-0143 Phone
(855) 955-1318 Fax
cjoseph@josephhollander.com

CERTIFICATE OF SERVICE

    I hereby certify that on September 5, 2025, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

/s/ Christopher M. Joseph
Christopher M. Joseph