IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                *Plaintiff*,

v.

LEONARD RRAPAJ,

                *Defendant.*

Case No. 25-40036-TC-RES

## JOINT MOTION FOR JUROR QUESTIONNAIRE
## AND ATTORNEY-DIRECTED VOIR DIRE

The parties respectfully request that the Court provide jurors a questionnaire before trial to supplement the Court's normal voir dire practices; streamline jury selection; and provide an efficient and reliable tool for eliciting the information needed to select an impartial jury. The parties also respectfully request an opportunity for the attorneys for both parties to conduct brief, targeted follow-up questioning during voir dire.

### Background

The Indictment charges Defendant with possession of a machinegun conversion device in violation of 18 U.S.C. 922(o). This case has garnered significant local media coverage—primarily Defendant owns an adult entertainment club (commonly known as a "strip club") that is well known in the community. Trial evidence will refer to the club, include images and/or videos of the club's interior

1

(which is decorated with nude images), and will reference and depict a large collection of firearms.

The morality of adult entertainment and issues regarding gun rights and gun safety can trigger highly sensitive and polarizing reactions irrelevant to the narrow issue to be addressed at trial: whether Defendant knowingly possessed a machinegun conversion device. The difficulty in separating opinions on public policy from consideration of case-specific evidence can impair a jury's ability to reach an impartial verdict. In addition, the media coverage of this case also justifies the exercise of special care to (1) identify whether potential jurors have been tainted by news reports and (2) prevent that taint from spreading.

## Arguments and Authorities

"Voir dire examination serves the dual purposes of enabling the court to select an impartial jury and assisting counsel in exercising peremptory challenges." *Mu'Min v. Virginia*, 500 U.S. 415, 431 (1991). But where issues presented by a particular trial require probing into personal views on sensitive or polarizing topics, oral voir dire is not always efficient or reliable in eliciting complete information about potential juror biases. Many potential jurors understandably may hesitate to candidly share their experiences with or beliefs about adult entertainment and gun rights and safety knowing how polarizing those subjects can be and how they may provoke the judgment of others. *See* Paula L. Hannaford, *Safeguarding Juror Privacy: A new framework for court policies and procedures*, Judicature, Vol. 85, Issue 1 Page 23 (July/August 2001) ("A number of empirical studies have found that prospective

jurors often fail to disclose sensitive information when directed to do so in open court as part of the jury selection process. . . . In a more recent study . . . 28 percent of prospective jurors failed to disclose requested information that . . . was relevant to their ability to serve fairly and impartially.").

A written questionnaire avoids these problems by giving potential jurors a confidential forum to candidly answer potentially fraught questions. For this reason, the American Bar Association affirmatively suggests, throughout its Principles for Juries and Jury Trials, that courts use jury questionnaires when hearing cases involving heightened risk of bias. See AMERICAN BAR ASSOCIATION, PRINCIPLES FOR JURIES AND JURY TRIALS, Principles 7(A)(5), 11(A)(1) (revised 2023) ("Questionnaires permit jurors to reveal sensitive or personal information in their written responses rather than publicly."). Courts across the country have agreed, exercising the broad discretion provided by Federal Rule of Criminal Procedure 24 to utilize case-specific juror questionnaires as part of the voir dire process. *See, e.g., United States v. McVeigh*, 153 F.3d 1166, 1181 (10th Cir. 1998) (noting that prospective jurors completed an "extensive questionnaire" prior to voir dire); *United States v. Isaacson*, 752 F.3d 1291, 1301 (11th Cir. 2014) ("Written questionnaires are now a common complement to oral examination when selecting an effective and impartial jury."); *United States v. Barnette*, 644 F.3d 192, 209 (4th Cir. 2011) ("District courts routinely use written questionnaires in the voir dire process in high profile cases. . . ."); *United States v. Quinones*, 511 F.3d 289, 299 (2d Cir. 2007) ("District courts routinely employ questionnaires to facilitate voir dire in a number of

circumstances. . . ."); *United States v. Newland*, No. 2:19-cr-23-PPS, 2020 WL 6364656, at *1 (N.D. Ind. Oct. 28, 2020) ("A juror questionnaire would help ensure that no bias based upon the extensive publicity would affect the jury in this case.").

A written questionnaire likely would elicit more candid responses from jurors, particularly those who might stay silent during oral voir dire because they are uncomfortable sharing their views in front of others who may have diametrically opposed perspectives. It also would allow all potential jurors more time to think through questions and give complete answers, untainted by the answers of other jurors. *See* Lin S. Lilley, *Let Jurors Speak the Truth, in Writing: Some Jurors Aren't Fully Candid During Oral Voir Dire. When You Hand Them a Supplemental Juror Questionnaire and a Pen, Many Will Feel Free to Open Up.*, 41 Trial J. for the Am. Ass'n for Just. 7, 64-69 (2005); *see also Skilling*, 561 U.S. at 391 (noting that the written juror questionnaire "helped to identify prospective jurors excusable for cause and served as a springboard for further questions" and "confirmed that, whatever community prejudice existed in Houston generally, [defendant's] jurors were not under its sway").

In addition, local media has covered this case with attention-grabbing headlines, increasing both the likelihood of jurors entering the venire with extraneous information or preconceived opinions about the case as well as the risk that any of these jurors may share what they have heard and taint the venire with extraneous information. *See, e.g.,* Jason Alatidd, [Topeka strip club raided again: As owner faces gun charge, police find another gun](), The Topeka Capital-Journal (Sept. 4, 2025); Jason Alatidd & Tim Hrenchir, [Topeka strip club owner charged with machine gun crime after FBI investigation](), The

Topeka Capital-Journal (June 11, 2025); Matthew Self, *Topeka strip club owner indicted for machine gun possession*, KSNT 27 News (June 10, 2025), ; Shayndel Jones, *Topeka man indicted for firearms offense*, WIBW (June 10, 2025); Phil Anderson, *FBI, local agencies respond to Topeka-area club early Friday regarding 'investigative matter'*, WIBW (June 6, 2025), ; Jason Alatidd, *Why did FBI raid Topeka strip club? Court filings suggest there's more going on*, The Topeka Capital-Journal (July 4, 2025). A written questionnaire would help the Court and parties identify individuals who have been tainted by the pretrial publicity and preserve a detailed record of jury selection in case of any appeal. *See, e.g., Skilling v. United States*, 561 U.S. 358, 388-91 & n.22 (2010) (approving of jury selection process involving use of questionnaire and relying on substantive responses of jurors and venire members, noting a need, due to pretrial publicity, to ensure against jury bias).

## Conclusion

In order to ensure that the jury empaneled for the trial of this matter will be able to render a verdict based on the evidence in the courtroom rather than on any bias, and to make jury selection more efficient, the parties respectfully ask the Court to authorize the use of a jury questionnaire, and to permit the attorneys 30 minutes per side to conduct targeted follow-up questioning during oral voir dire.

Respectfully submitted,

/s/Christopher M. Joseph
Christopher M. Joseph, #19778
Joseph, Hollander & Craft LLC
5200 Bob Billings Parkway, Suite 201
Lawrence, Kansas 66049
(785) 856-0143 Phone
(855) 955-1318 Fax
cjoseph@josephhollander.com
*Attorney for Defendant*

**and**

s/Lindsey Debenham
Lindsey Debenham, #27574
Assistant United States Attorney
444 SE Quincy, Suite 290
Topeka, KS 66683
Phone: (785) 295-2850
Fax: (785) 295-2853
Lindsey.Debenham@usdoj.gov

### CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2025, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

/s/ Christopher M. Joseph
Christopher M. Joseph