IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.

**LEONARD RRAPAJ,**

    **Defendant.**

Case No.  5:25-cr-40036-TC

**RESPONSE TO DEFENDANT'S MOTION FOR RELEASE**

The United States of America, by and through Assistant United States Attorney, Lindsey C. Debenham, requests the Court deny the Defendant's Motion for Review of Detention Order (Doc. 43).

**PROCEDURAL SUMMARY**

On June 6, 2025, a Complaint was filed alleging one count of illegal possession of a machine gun, in violation of 18 U.S.C. 922(o). Doc. 1. An Indictment charging the same allegation was filed June 10, 2025. Doc. 10. The government moved for pretrial detention and a hearing was held before Magistrate Judge Rachael Schwartz on June 16, 2025. Doc. 17. The court denied the government's motion for detention and the defendant was placed on pretrial release. Doc. 18. On August 19, 2025, a petition for action was filed alleging the defendant violated the terms of his conditional release. Doc. 35. A detention hearing was held on August 21, 2025, before the Magistrate, who granted the government's motion and detained the defendant. Doc. 39. Following the Magistrate's decision, the court filed a written statement of reasons for detention on August 21, 2025. Doc. 40. The defendant then filed the present motion requesting review of the Magistrate's detention order on September 5, 2025. Doc. 43.

## RELEVANT FACTS

On June 6, 2025, the government executed a search warrant for the Topeka Sports Cabaret at 4216 NE Seward Ave., and the next-door residence with the address of 4230 NE Seward Ave., both in Topeka, Kansas and owned and operated by Leonard Rrapaj. The Topeka Sports Cabaret is an adult entertainment club (also colloquially known as a "strip club"). During the search warrant the government seized devices and electronics, 41 firearms, ammunition, magazine, bulk quantities of cash, and business paperwork. Of the firearms seized, it included the machine gun at issue in the present case (a firearm with a Glock switch attached).

As noted above, on June 16, 2025, a detention hearing was held, where the court ultimately denied the government's motion for detention, and the defendant was released on conditions. As relevant here, the defendant's conditions of release required that he does not violate federal, state, or local law while on release and he is not to possess a firearm, destructive device, or other weapon. Additionally, the defendant had restrictions on travel, contact restrictions, and was placed on location monitoring. Subsequently, the defendant's conditions 7(f) and 7(g) were modified by either consent or joint agreement. Doc. 23 and Doc. 31. Condition 7(g) was modified to specifically restrict contact with Danny Stano Jr.

Upon release the defendant returned to the Topeka Sports Cabaret, where he resides, alone, in an apartment located in the upstairs apartment attached to the Topeka Sports Cabaret. Location monitoring showed he stayed on site at the Topeka Sports Cabaret. Location monitoring does not show who else would have access to the property. The defendant continued to operate the Topeka Sports Cabaret while on release.

On August 18, 2025, the Topeka Police Department executed a search warrant at the Topeka Sport Cabaret, in relation to a state investigation of a possible sexual assault involving one of the club's employees. During the course of the search, officers located an FN pistol 5.7x28mm, serial number 386346604, inside a holster, with a fully loaded 20 round magazine in a dresser drawer within reaching distance of the defendant's bed in the apartment area of the Topeka Sports Cabaret. A federal search warrant was obtained to seize the firearm and ammunition. A second FN magazine containing approximately 12 rounds of .45 caliber ammunition, half full box of .45 ammunition, three riffle magazines, one empty and two loaded with 7.62x39 ammunition was also seized. Further, agents located two receipts of consequence one from Frontier Justice and one from Bass Pro/Cabela's. Specifically, a receipt dated August 14, 2025, from Frontier Justice in Kansas City, Kansas, reflected the purchase ofMF21013MAGG21/41 45CAP 13RD for $29.99 by Will Duncan. An online search showed the item to possibility be a Glock, 13 round magazine. The second receipt dated August 25, 2025, from Bass Pro/Cabela's in Kansas City, Kansas reflected the purchase of a Sig Elite Performance for $21.99. An online search on Cabela's showed the item to possibility be a Sig Sauer Elite Performance ammunition 9mm. The firearm, ammunition and receipts were located in an area previously searched during the execution of the federal search warrant on June 6, 2025, and all firearms and ammunition were removed.

USPO Stapp reviewed the defendant's GPS movements for August 14 -15 and confirmed he did not leave the Topeka Sports Cabaret.

At the revocation hearing held by Magistrate Judge Schwartz on August 21, 2025, the government presented the testimony of United States Probation Officer Christina Stapp and FBI Special Agent Trisha McCormick. The government incorporates the previous testimony and

3

arguments made at the revocation hearing[1]. Magistrate Judge Schwartz granted the government's motion to revoke and detain the defendant following the testimony. Doc. 40.

The government notes, during the first search warrant executed on June 6, 2025, an extensive search was executed by law enforcement, who seized numerous firearms and ammunition, among other items. During USPO Stapp's first visit to the Topeka Sports Cabaret she saw ammunition and advised him to remove it immediately. Even after this directive, a firearm and ammunition were found during the search on August 18, with two additional receipts showing a purchase of ammunition just days prior.

## ARGUMENTS AND AUTHORITIES

Pursuant to 18 U.S.C. § 3145(b) a defendant may seek review of a magistrate judge's order of detention. The district court's review of a magistrate judge's detention order is de novo. *United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003). "De novo review does not require a de novo evidentiary hearing." *United States v. Burks*, 141 F.Supp.2d 1283, 1285 (D. Kan. 2001). The district court may choose to "start from scratch" or "incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted there." *Id.* The Federal Rules of Evidence do not apply to detention hearings. *See* 18 U.S.C. § 3142(f)(2)(B). The court may allow the parties to present information by proffer, or it may insist on direct testimony. *See id.*

18 U.S.C. § 3148 controls when a defendant violates conditions of release. A defendant who is released on conditions under 18 U.S.C. 3142, but then violates a condition, "is subject to revocation of release, an order of detention, and a prosecution for contempt of court." 18 U.S.C. § 3148(a). Under § 3148(b) the Court "shall enter an order of revocation and detention if, after a hearing," it:

---

[1] The government intends on providing the Court the recorded detention hearing through a separate motion seeking conventional filing of the digital evidence.

4

> (1) finds that there is –
>    (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>    (B) clear and convincing evidence that the person has violated any other condition of release; and
> (2) finds that –
>    (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>    (B) the person is unlikely to abide by any condition or combination of conditions of release.
>
> If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community.

18 U.S.C. § 3148(b). In determining revocation, the court first must make a finding under 3148(b)(1)(A) or (B), before making a finding under 3148(b)(2)(A) or (B). *United States v. Reulet*, 658 Fed. Appx. 910, 912 (10th Cir. 2016).

Here, there is probable cause to establish the defendant committed a federal crime while on release and clear and convincing evidence that the defendant has violated his conditions of release.

1. **Step 1:** *Probable cause the defendant committed a Federal, State, or local crime while on release and clear and convincing evidence the defendant violated a condition of release.*

The government has established the defendant not only committed a federal crime while on release but also violated his conditions of release.

"Probable cause under § 3148(c)(1)(A) requires only the facts available to the judicial officer warrant a man of reasonable caution in the belief that the defendant has committed a crime while on bail." *Cook*, 880 F.2d at 1160 (adopting the Second Circuit reasoning) (internal citations

5

omitted). 18 U.S.C. § 922(n) prohibits an individual who is under indictment for a crime punishable by a year or more to "ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

In *United States v. Gann*, 58 F. App'x 792, 801-02 (10th Cir. 2003), the Tenth Circuit evaluated whether there was sufficient evidence to support a 922(n) conviction on appeal stating:

> There were several searches of both the Ridge Drive property and the Chicken Creek property. The testimony was that on each search *all* firearms were seized and removed from the premises in question. From that fact, the government argues that the jury could properly infer that the firearms found in the searches of the Ridge Drive property on May 25, 1999, and the Chicken Creek property on that same date were "received" by Doss Gann after July 10, 1998. We agree.

(footnote omitted). "It is not necessary to show that the defendant actually received a weapon to prove 'receipt' of a firearm under § 922; receipt may be established circumstantially by proving possession." *Id*. at 802 n.2 (citing *United States v. Hernandez*, 913 F.2d 1506, 1514 (10th Cir. 1990).

Here, on August 18, 2025, the defendant was under indictment for illegal possession of a machine gun, under 18 U.S.C. § 922(o), a crime which has a maximum punishable term of imprisonment of ten years. As mentioned, during a search, unrelated to the underlying federal investigation, law enforcement located a firearm in the defendant's bedroom, in a dresser drawer within arm reach of the defendant's bed. While the defendant operates a strip club in the lower area of the building, the upstairs apartment is the defendant's residence, where he resides alone and rarely leaves. Further, the firearm was located after an extensive prior search of the property, where all located firearms were located and removed. In addition to the firearm, ammunition was

located which fit the firearm and two receipts show ammunition which was purchased by other individuals' days prior to the executed search warrant.

While additional examinations are still being conducted, initially it appears the FN, Five-Seven pistol is manufactured outside of Kansas.

The defendant appears to argue that the underlying conduct is not sufficient to establish the crime based on the defendant's evaluation of "receive." This argument is inconsistent with the *Gann* case. Even still, the analysis asks the court to suspend common logic in applying a standard above probable cause. Specifically, the defendant purposefully misstates the standard under this provision as clear and convincing. In this argument the defendant claims the property was jointly occupied, however no evidence was presented to support that assertion. To the contrary, the testimony showed the defendant resided in the bedroom area where the firearm was located, and that he lived there alone. The defendant owns and operates the Topeka Sports Cabaret, showing he maintains control. Taking the defendant's argument to the next logical conclusion, if he does not have control in his business or residence to a degree to comply with all conditions of release, it only supports he is unable or unwilling to comply with conditions imposed by the Court.

For these reasons, there is sufficient evidence to support probable cause a new felony offense was committed while on release. Regardless, even if the court doesn't find probable cause to believe a new crime was committed, the government's evidence still establishes by clear and convincing evidence that the defendant violated conditions of release. The government is only required to show one of the provisions under § 3148(b)(1).

As mentioned the same conduct established under § 3148(b)(1)(A), demonstrates by clear and convincing evidence the defendant also violated conditions of release under § 3148(b)(1)(B).

"Clear and convincing evidence, is an intermediate standard of proof. Evidence is clear and

convincing if it is reasonable and persuasive enough to cause the trier of facts to believe it and, refers to the quality rather than the quantum of proof." *United States v. Wittig*, No. 02-40140-02-JAR, 2006 WL 314351, at *6 (D. Kan. Jan. 19, 2006). The defendant violated two basic conditions of release. Specifically, (1) "the defendant must not violate federal, state, or local law while on release;" and (2) "not possess a firearm, destructive device, or other weapon."

From the evidence presented at the detention hearing, the government has established the defendant violated these conditions by the applicable clear and convincing standard. The defendant's motion ignores both violations of the conditions of release by the defendant.

The defendant was indicted, and released under conditions on June 10, 2025. The defendant remained under conditions on August 18, 2025, when local enforcement executed a search warrant when the FN pistol was located. The firearm located at the defendant's residence established both probable cause that a new crime was committed while on release, and clear and convincing evidence that the defendant violated a condition of release.

### a. Rebuttable presumption applies.

"Once the government establishes probable cause that the defendant has committed a felony while on release, a rebuttable presumption arises that no condition or combination of conditions of release will assure the person will not flee, or not pose a danger to the safety of any other person or to the community." *United States v. Humbert*, No. 13-20033-01, 2013 WL 3581532, at *1 (D. Kan. July, 12, 2013) (citing *United States v. Cook* , 880 F.2d 1158, 1162 (10th Cir. 1989). When it is alleged the defendant has committed a felony while on release, section § 3142 does not come into play unless and until the judicial officer finds the defendant has overcome the statutory rebuttable presumption in section 3148(b). *Cook*, 880 F.2d at 1162. When the presumption applies, the focus then shifts to the defendant to present some evidence to rebut the

presumption. *Id*. (comparing the presumption under § 3142 to § 3148). The burden of production is not heavy, but the defendant must produce some evidence. *Id*. Just as with the presumption under § 3142, even if met, it does not disappear but remains a factor for consideration. *Id*.

The government has established probable cause that the defendant committed a new federal crime. For that reason, the rebuttable presumption applies. The defendant has failed to present evidence that removes the presumption. Even if the defendant has overcome the presumption, it remains a factor for the Court to consider.

2. **Step 2:** *The defendant is unlikely to abide by any conditions imposed by the Court.*

Next, the Court turns to § 3148(b)(2), to determine if (1) under the 3142(g) factors there are any conditions that will assure the person will not flee or pose a danger to the safety of any other person or the community, <u>or</u> (2) is the defendant unlikely to abide by any condition or combinations of release.

Here, the defendant has shown he is unwilling to comply with conditions. The defendant was charged with a gun offense. Approximately two months after a contested detention hearing, where the defendant was ultimately release on the conditions, the defendant was found with another gun. The defendant's conditions were basic conditions – not to commit a new felony offense and not to possess a firearm. He violated both.

The receipts located at his residence show he uses others to buy prohibited items for him. This is further supported by the fact that the defendant rarely leaves his residence, as probation testified to. Probation is not intended to, nor it is able to, monitor individuals who are not under court supervision. It cannot limit or monitor those who have contact with the defendant. It cannot monitor who comes to the Topeka Sports Cabaret. The defendant has exploited the limitations of probation to violate the conditions of his release.

Even further to this point, during one of probation's first visits, probation indicated they observed ammunition present at the Topeka Sports Cabaret. The defendant was directed by probation to remove the ammunition. During the second search warrant on August 18, 2025, law enforcement located not only ammunition, but ammunition that was clearly purchased on August 14-15, and a firearm. The defendant completely ignored directives by his probation officer.

Even further, the defendant was having contact with Danny Stano, Jr, an individual the court specifically ordered him not to have contact with. Testimony was presented that during the execution of the August 18, 2025 search warrant that Stano was at the Topeka Sports Cabaret. Stano was located walking on a road near the Topeka Sports Cabaret. The Topeka Sports Cabaret is located in North Topeka, with limited traffic in the area.

The defendant suggests his willingness to abide by conditions or alternative living residence will establish his ability to comply with conditions of release. The nature of the violations the demonstrate that other than his confinement, no physical relocation will ensure he will comply with conditions. In being placed on conditions of release, the defendant made the assurance that he would comply, he almost immediately violated the conditions, he ignored directions by his probation officer, and he ignored specific orders by the Court.

## CONCLUSION

Under § 3148(b)(1) the government has established probable cause that the defendant committed a federal crime while on release, and by clear and convincing evidence that the defendant violated a condition of release. Further, that the government has shown under §3148(b)(2)(B) the defendant is unlikely to abide by any conditions of release.

WHEREFORE, the United States requests the Court to enter an order denying the Defendant's Motion for Review of Detention Order (Doc. 43).

Respectfully submitted,

**Ryan A. Kriegshauser**
United States Attorney
District of Kansas

/s/ *Lindsey C. Debenham*
Lindsey C. Debenham
Assistant United States Attorney
444 SE Quincy, Suite 290
Topeka, Kansas 66683
(785) 295-2680
(785) 295-2853 (fax)
Ks. S. Ct. No. 27574
Lindsey.Debenham@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2025, the foregoing was electronically filed with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following: any attorney entering their appearance on behalf of a defendant in the above captioned case.

/s/ *Lindsey C. Debenham*
Lindsey C. Debenham
Assistant United States Attorney