IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        *Plaintiff*,<br>v.<br><br>LEONARD RRAPAJ,<br><br>        *Defendant.* | Case No. 25-40036-TC-RES |

REPLY IN SUPPORT OF
MOTION TO RETURN PROPERTY

I.     The unjustified barrier of proving irreparable harm and inadequate remedies at law is not supported by the plain language of amended Rule 41; the government should be required to return the property because it can easily preserve the evidentiary value of all seized items.

The Tenth Circuit adopted the requirement that a Rule 41 movant show no adequate remedy at law and irreparable harm in 1988—when Rule 41 provided that no property returned pursuant to the rule could be used as evidence at any hearing or trial. *See Floyd v. United States*, 860 F.2d 999 (10th Cir. 1988). In 1989, Rule 41 was amended and the provision that "if the motion [for the return of property] is granted the property shall be restored and it shall not be admissible in evidence at any hearing or trial" was replaced with the language "[i]f the motion is granted, the property shall be returned to the movant, although reasonable conditions may be imposed to protect access and use of the property in subsequent proceedings." "The Advisory Committee Note explained that this change was intended to (1) keep pace with new developments in the exclusionary rule allowing the Government to retain

1

and utilize unlawfully seized evidence in certain circumstances (i.e. grand jury proceedings) and (2) achieve a more equitable balance between the Government's law enforcement interest and the property rights of owners." *Doane v. United States*, No. M-50, 2009 WL 1619642, *7 (S.D.N.Y. June 5, 2009). Following this change, courts have held that the plain language of Rule 41 does not permit courts "to engraft an irreparable harm requirement that is not set forth in the text of Rule 41." *Id.* at *8.

The Advisory Committee Notes cited by Defendant are a particularly reliable indicator of legislative intent, given that they were contemporaneously drafted by the same entity charged with drafting the rules. *See Republic of Ecuador v. Mackay*, 742 F.3d 860, 865 (9th Cir. 2014); *see also United States v. Vonn*, 535 U.S. 55, 64, 122 S. Ct. 1043 (2002) ("Although the Notes are the product of the Advisory Committee, and not Congress, they are transmitted to Congress before the rule is enacted into law."). And they direct that continued retention of property is unreasonable if the United State' legitimate interest can be satisfied if the property is returned. Because the government's sole asserted basis for retaining the property is that it believes it *may* have some evidentiary value for crimes that have not been charged and the evidentiary value of all property seized can be preserved by videography, photography, and photocopying, the property should all be returned. *See United States v. Lamplugh*, 956 F.Supp. 1204, 1208 (M.D. Pa. 1997); *see also* Fed. R. Crim. P 41, Advisory Committee Notes, 1989 Amendments.

**Cash.** The government's claim that the cash found in the walls must be preserved in a particular state for evidentiary purposes is without merit. It can be

photographed, videoed, photocopied, and otherwise documented in a number of ways. The government fails to explain why this would be insufficient to preserve the evidence.

The government makes no attempt to justify some special evidentiary value to the other cash seized. Rather, it simply says it can hold the cash for up to five years if it wants to—due process can apparently wait.

**Guns.** The government fails to explain why it is not feasible to release the guns or for what evidentiary purpose the government would need to regularly access the guns.

**Security system equipment.** The government does not offer any reason why it needs to keep the security equipment. It simply tells Defendant to buy more.

"If the United States has a need for the property in an investigation or prosecution, its retention of the property generally is reasonable. But, if the United States' legitimate interests can be satisfied even if the property is returned, continued retention of the property would become unreasonable." Fed. R. Crim. P. 41, Advisory Committee Notes on 1989 Amendments. Because the government's interest in all of the seized property can be satisfied even if the property is released, the property should be released as requested by Defendant.

## II.   Defendant does not have an adequate remedy at law with respect to any of the seized property.

In *Floyd v. United States*, 860 F.2d 999 (10th Cir. 1988), the Tenth Circuit Court of Appeals rejected the notion that a person in Defendant's position has an

adequate remedy at law. There, the government argued that Floyd could pursue remedies under forfeiture law, a damages claim, or a state replevin action. *Id.* at 1003. Rejecting each suggestion one by one, the Tenth Circuit concluded there was no adequate legal remedy or claim required to be filed as a prerequisite to a Rule 41 motion for Floyd, whose property has been seized by the government but that the government has not taken action to forfeit. *Id.* at 1003-1005. Like Floyd, Rrapaj has no adequate remedy at law. *See also Mr. Lucky Messenger Serv., Inc. v. United States,* 587 F.2d 15, 18 (7th Cir. 1978) (no adequate remedy at law when $65,000 in United States currency seized pursuant to a search warrant but no charges had been filed by seven months after the warrant's execution).

### III.   Failure to return the money will cause irreparable harm.

With respect to Rule 41 motions, "irreparable harm refers to circumstances in which a Rule 41(e) movant cannot wait for a legal remedy, thus justifying the court's equitable jurisdiction." *Floyd,* 860 F.2d at 1006.

Defendant will suffer irreparable harm if the money is not returned to him soon because: (1) he needs it to fund his defense in this case; and (2) he needs it to support his business, which is struggling. In *Floyd*, the Tenth Circuit remanded with directions for the district court to consider irreparable harm in light of several cases. *Id.* at 1006. One was *Mr. Lucky Messenger Serv., Inc. v. United States,* and the Tenth Circuit directed the district court to the part of the decision that said:

> Irreparable harm is also clearly alleged in the plaintiff's complaint. The complaint alleges that the plaintiff needs the funds to satisfy a tax liability. More importantly, however, the peculiar circumstances of this

case, in our opinion, would satisfy the irreparable harm standard. **Whenever the Government seizes a significant amount of money and withholds it for an unreasonable length of time without bringing charges and without offering evidence to justify its continued withholding and without any indication as to when if ever charges will be filed, the plaintiff suffers irreparable harm.** Finally, the plaintiff is without an adequate remedy at law.

For the reasons herein set out we reverse and remand for further proceedings. **It appears to us that the plaintiff on remand by proving the seizure, the lack of return, and the lapse of time involved will have established a sufficient equitable basis for relief to require the Government to go forward with an attempt to justify its conduct.**

587 F.2d 15, 18 (7th Cir. 1978) (emphasis added). Like the plaintiff in *Mr. Lucky Messenger Serv., Inc.*, Rrapaj has asserted a need for the money. But the government has not justified its conduct. The money should be released.

        Respectfully submitted,

        Joseph, Hollander & Craft LLC
        *Attorneys for Defendant*

By:    /s/Christopher M. Joseph
        Christopher M. Joseph, #19778
        5200 Bob Billings Parkway, Suite 201
        Lawrence, Kansas 66049
        (785) 856-0143 Phone
        (855) 955-1318 Fax
        cjoseph@josephhollander.com

## CERTIFICATE OF SERVICE

      I hereby certify that on September 23, 2025, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

                                    <u>/s/ Christopher M. Joseph</u>
                                    Christopher M. Joseph